## DELILA N. DUKES v. LEWIS DUKES ET AL.

DESCRIPTIVE STATEMENT.

R. D. died testate, devising to his widow D. N. D., as follows: "I give and devise to my beloved wife Delila N. Dukes (here follows a pertinent description of the property) during her natural life—also all my household goods and furniture, money, notes, and evidence of debts, which I may own and possess at the time of my death, she, my said wife, to use and enjoy during her natural life. At the death of my said wife the said real estate above described and the personal property remaining unconsumed, I give and devise to my children share and share alike." The widow elected to take under the will. Held:

1. WIDOW TAKES A LIFE ESTATE IN LANDS.

That the plaintiff does not hold as dowress, but has a life estate in the lands described in the will, and the defendants, the other devisees named in the will, take a fee in remainder.

2. WIDOW MAY MAINTAIN SUIT FOR SALE UNDER DISENTAILING ACT.

That the plaintiff has the right to apply to the court of common pleas and have the relief granted her, as provided by sec. 5803, Rev. Stat. Such right exists, notwithstanding the fact that the real estate devised was all that the testator was seized of, at the time of his death.

ERROR to the Court of Common Pleas of Hancock county.

MOORE, J.

The plaintiff filed her petition in the court below, alleging in substance, that on the — day of September, 1873, Richard Dukes died testate. That his will was admitted to and duly probated, and attaches a copy of the same to the petition. That the plaintiff is the widow of the said Richard Dukes named in the will,

and the defendants are the other devisees named in said will. That by the terms of the will Richard Dukes gave and devised to the plaintiff, for life, certain real estate described in the petition, with the same description as contained in the will. That the plaintiff, as such widow of Richard Dukes, in due time and form elected to take under the will of her said husband—and ever since has been in the actual possession of the said real estate, and still owns said life estate. That the defendants are the owners of the remainder of the said premises subject to the plaintiff's life estate.

That the property is situate in the city of Findlay—with good frontage on two streets, and to sell is worth about fifteen thousand dollars. That the only house thereon is old, requiring continual·repairing, and not in a safe condition for occupancy.

That the taxes are high, and contemplated assessments for improvements will entail a large expense to be paid upon the property.

That no income beyond the occupancy of the old house by herself can be realized. That it would be to her advantage, and do no substantial injury to the remaindermen, if the property were sold and the proceeds invested under the order of the court as provided by statute, and prays that the same be done.

To this petition a general demurrer was sustained by· the court below, and judgment rendered for the defendants.

. To reverse this action of the court this proceeding in error is prosecuted.

Under sec. 5804, Rev. Stat., a copy of the will is required to be filed with the petition. It was done in this case, and becomes a part of it.

The provision of the will under which the plaintiff claims is in these words:

"I give and devise to my beloved wife Delila N. Dukes the house and lot of land on which the same is situated, and on which I now reside, near Findlay, in the county and state aforesaid, and described as follows (here follows an accurate description of the premises), containing five acres, more or less, during her natural life, also all my household goods and furniture, kitchen furniture, money, notes and evidence of debts which I may own and possess at the time of my death (excepting two notes, etc.), she, my said wife, to use and enjoy during her natural life. At the death of my said wife the said, real estate above described and the personal property remaining unconsumed I give and devise to my children share and share alike, to-wit: Lewis Dukes, Wm. P. Dukes, Elizabeth Marshal, Nancy Delany, Eli Dukes, Susan Porter and one share to the children of my deceased son Cyrus M. Dukes, to-wit: Norman Dukes, Alva Dukes, U. S. Grant Dukes, Augusta Dukes and Cyrus Dukes." The other provisions in no manner modify or change this. The statute under which it is sought to have the relief prayed for by the plaintiff, is sec. 5803, Rev. Stat., and reads:

"Courts of common pleas, in an action by the tenant in tail, or for life, or by the grantee or devisee of a qualified or conditional or determinable interest, or by a person claiming under such tenant, grantee, or devisee, or by the trustees or beneficiaries of the estate if held in trust, may authorize the sale of any estate, whether the same was created by will, deed or contract, or came by descent, when satisfied that a sale thereof would be for the benefit of the person holding the first and present estate, interest, or use, and do no substantial injury to the heirs in tail, or others in expectancy, succession, reversion or remainder; but this section shall not extend to estates in dower or by curtesy."

Section 5804, provides what the petition shall contain: (1) A description of the real estate to be sold. (2) A clear statement of the interest of the plaintiff therein. (3.) A copy of the will, deed, or other instrument of writing by which the estate is created. (4.) All persons who are interested in the estate, or who by the terms of the instrument creating it may become interested as heir, reversioner, and otherwise, shall be made parties, etc.

These requirements of the statute are all fully complied with in the drafting of the petition, and no question is made in that behalf.

. . It is claimed on the part of the defendants, if we understand counsel right, that the devise in the will includes all the real estate of the testator; that no other is mentioned, and in such case the presumption is that the testator disposed of his whole estate by his will; that of the real estate so devised, the widow had a right of dower that the husband could not devise or otherwise dispose of without the consent of the wife; that the devise includes the dower, and is therefore a devise in addition to dower; that the husband could not give the wife that which the law had already given her; that Delila Dukes holds one-third of the property as dower, and it being provided that a dower estate cannot be sold under the statute, it would follow that the demurrer was rightfully sustained by the court below. To determine this question, it becomes necessary to examine secs. 5963 and 5964, Rev. Stat. Section 5963, provides, in substance, if any provision be made for a widow in the will of her husband, the probate judge shall cite her to appear and make her election—whether she will take such provision, or be endowed of the lands of her husband and take her distributive share of his personal estate; but she shall not be entitled to both, unless it plainly appears by the will to have been the intention that she should have such provision in addition to her dower and distributive share.

Section 5964, among other things provides, that if the widow take under the will, she shall be barred of her dower and such share of the personal estate, and take under the will alone, unless as provided that it plainly appears that such provision is in addition to dower, etc. The averment of the petition is that Delila Dukes elected to take under the will, and in pursuance of such act has taken possession of and still has the property. There is no provision in the will by which it can be claimed that the devise is in addition to dower. After making her election she could not have dower assigned, for the statute provides that she shall be barred of her dower; also that she shall have the devise in lieu of dower, and further, that she shall not be entitled to both. The widow, it will be observed, is not barred of dower by the act of her husband, but by her own act in making her election to take under the will. It can be said in any case, that where the widow is devised an estate in lands, or a life estate, in excess of what the dower would be, it is in addition to dower; but where she elects to take under the will, she takes the estate devised, and not the dower.

Dower inchoate is not an estate; it is a right, or interest, in the husband's land created by law for the wife's benefit. It is contingent upon the wife surviving the husband. It then ripens into a right that she may demand and have it assigned to her. The right, under the will, arises at the death of the testator, and it is at that time that the right of the widow enures to her, dependent under the statute upon her election.

In the case at bar, while the estate created by the will—a life estate in the widow—is the same as created by statute in granting her dower, still her rights under it are enlarged. She can at once alien or convey the estate created by the will. The dower estate can only be conveyed to those holding the next estate of inheritance until it has been assigned to her. If a life estate under the will, she can have the whole estate sold, as in the case sought—if a dower estate, she cannot. So the rights arising from the two sources are different.

Our attention has been called to the case of Baxter, adm'r, v. Bowyer et al., 19 O. S., 490, as supporting the claim of the defendants. The portion of the syllabus relied upon is this: "Where the provision in a will includes the dower, it is equivalent to a provision in addition to dower, and she holds the dower-right free from the claims of creditors of the estate."

Upon an examination of the case, it appears difficult to determine how the statement in the syllabus was arrived at. It does not appear to have been well considered, and even then two of the judges dissented. It appears that the whole effect intended was, that in the event of the widow electing, and she being deprived of her rights under the will by the creditors, she could not be defeated

in such case of her dower. Having been defeated in her devise, she could still be endowed. Such has been the holding of other courts under similar authority. Scribner on Dower, 488, lays down this principle, supported by authority: "If the election be made by the widow under the supposition that the estate devised to, and accepted by her, is free for all debts and demands, when the fact is the reverse; or if it be made before the circumstances necessary to a judicious and discriminating choice are ascertained, then such election will not bind her, because under a mistake, and in ignorance of the real state of the property; and under these circumstances she will be entitled to relief."

In Kidney v. Kousmaker, 12 Ves. Jr., 136, the court said: "The testator, her husband, was greatly involved in debt at his decease, to satisfy the whole of which it became necessary to resort to the estates devised by him to his wife; that although she had released her dower, yet, as she did so under the belief that she should enjoy the benefits given to her by the will and settlement, free from all claims and deductions, she was not bound by the release, but was at liberty to claim her dower, or compensation for it, in all the freehold or customary estates of which her husband was seized of an estate of inheritance at his death."

The same is held in 36 Penn. St.; 4 McLain; 1 Roper, H. & W., 602; 2 Johns. Ch.; 1 Bright, H. & W., 575; Hall v. Hall, 2 McCord's Ch., 269; Snelgrove v. Snelgrove, 4 Desaus., 274, and numerous other reported cases. We are of opinion that any holding beyond this, as is claimed for in Baxter, adm'r, v. Bowyer, *supra*, would be in direct conflict with the statute.

The case of Jennings v. Jennings et al., 21 O. S., 56, is also called to the attention of the court. Simeon Jennings died testate owning large tracts of land in various counties of the state. His will was admitted to probate in Hancock county, West Virginia, the place of his residence. It was also admitted to record in Mahoning county, this state. By the terms of his will he devised one-third part of his real estate to his wife Eliza Jennings, during life, and the residue to his brothers and sisters and the children of such as were deceased. He died without issue.

Mrs. Jennings refused to accept under the will. She claimed that as to the one-third part devised to her for life, the fee being undevised, she would inherit it in fee-simple, and should have dower in the remaining two-thirds, which had been devised to the relatives of the testator. The devisees denied her right to dower in the two-thirds devised to them.

The court held: "Such wills, foreign as well as domestic, are to be construed in accordance with the rule of the statute of this state, which prescribes that if a provision be made for a widow in the will of her husband, she shall not be entitled to such provision and also to dower, unless it plainly appears by the will to have been the intention that she should have such provision in addition to her dower. Where in such case the widow elects to be endowed of the lands of her husband, the devisees who are prejudiced by such selection, are equitably entitled to compensation out of the rejected provision made for her in the will."

And the court gave Eliza Jennings the one-third part of the lands in fee-simple, and the devisees the remaining two-thirds discharged from dower.

Judge Scott in his opinion uses this language: "If we are right in these views, it follows that, under the statutory rule of construction, we must presume it was the intention of the testator, that the provision made for the plaintiff in his will should be in lieu of dower. And on the question of his intention, this presumption is as collusive as the plainest language in his will could possibly have been. And this being so, a necessity for election arises from the very nature of the case. The widow can not claim both under the will and adversely to it. She has a right to do either, but can not do both." So that the claim made by the defendants in the case at bar, and the construction put upon the opinion in Baxter, adm'r, v. Bowyer et al., *supra*, cited, is distinctly controverted in Jennings v. Jennings, *supra*.

It is further claimed, in addition to what has been said, that the widow under the will in controversy is limited by the terms of the instrument to the mere use and enjoyment of the premises, and that the devisees under the will being the heirs-at-law, would have inherited the real estate to the same proportions as it is devised to them, and hence the title by inheritance must prevail, and the heir hold by descent, and not by devise. Such being the case, the estate is not entailed, nor are the devisees named in the deed remaindermen.

We can not see the force of the argument. The will, in plain terms, devises the real estate to the wife during life. The terms "to use and enjoy" neither limit nor extend her right. As a life estate she has that right. And the further provision, naming its disposition or in whom it shall rest after her decease, in no manner limits her estate.

The children of the testator do not take the same as they would have inherited. As devisees, they take a fee in remainder—a fee subject to the life estate of Delila Dukes. As heirs they would inherit the fee-simple estate with right of present enjoyment, subject to the widow's dower or life estate in one-third of the property.

This is all determined, as we think, by our own supreme court in the case of Nimmons et al. v. Westfall, 33 O. S., 213. Sufficient of the case appears in the syllabus:

"W. devised to his wife, H., and his son, J. H. W., by a distinct and independent clause in his will, the use of certain real estate, during the life of H., or while she remained unmarried, and then provided: 'But at the death of my said wife, or if she should intermarry with any other person after my decease, it is my will that the said aforementioned and described farm shall be sold, and the proceeds of the same be equally divided between my children or their heirs forever; or that they, my said children, divide said farm to suit themselves as they may think best; Held: 1. Under this clause H. and J. H. W. take estates for life in the land described therein, determinable on the death or marriage of H., with remainder in fee to the heirs-at-law of the testator."

"It was further held that the widow, Hannah Westfall, and the son, J. H. Westfall, could institute proceedings and have the real estate sold under what is now sec. 5803, Rev. Stat., and that this could be done notwithstanding the testator may have made special directions in his will for the disposition of the land on the determination of the life estate. This fully answers the latter claim made by the defendants.

From this it follows that the plaintiff has a life estate in the lands described in the petition, devised to her by her husband, Richard Dukes. That the defendants, the other devisees named in the will, take the fee in remainder. That the legal right of the plaintiff to apply to the court of common pleas and have the relief provided by the statute, is an incident attaching to the estate which she holds. The petition contains all the allegations of fact that are required—and the demurrer should have been overruled.

The judgment of the court below will be reversed, the demurrer to the petition overruled, and the cause remanded to that court to be proceeded with according to law.

J. Poe, for plaintiff.

W. H. Whiteley and J. F. Burket, for defendants.